U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 23 2016

TONY R. MOORE, CLERK
BY: _____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRITTANY MAXWELL, Plaintiff | CIVIL ACTION NO. 1:16-CV-00300 |
| VERSUS | CHIEF JUDGE DRELL |
| BRENT LESNICK, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (Doc. 5) filed by Plaintiff, Brittany Maxwell ("Maxwell"). Maxwell alleges she was injured in an October 20, 2015 car accident. Maxwell argues – for purposes of remand – that her damages do not exceed $75,000. After removal, Maxwell also filed an unsigned "stipulation" that her damages do not exceed $75,000.

Defendants maintain that Maxwell's prior failures to plead or stipulate to damages of less than $75,000, combined with her requests for general and special damages, penalties, and attorney's fees, all disfavor remand. Defendants also offer medical records stating Maxwell may have suffered significant injuries, including a herniated cervical disc.

Maxwell's post-removal "stipulation" does not divest the Court of jurisdiction. And Maxwell's claims for damages, penalties, and attorney's fees, combined with the limited but meaningful medical evidence before the Court, establish that Maxwell's damages will, more likely than not, exceed $75,000. Therefore, the Motion to Remand should be denied.

1

I. <u>Background</u>

On January 19, 2016, Maxwell filed this personal injury lawsuit in the Ninth Judicial District Court in Rapides Parish, Louisiana. Maxwell named Brent A. Lesnick, the allegedly at-fault driver, and Geico Indemnity Company, Lesnick's insurer, as Defendants.

In her Petition for Damages, Maxwell did not include an "anti-removal" averment stating her damages do not exceed $75,000.[1] Maxwell did, however, allege she suffered injuries to her "mind, head, neck, back, and legs." (Doc. 1-3, p. 2). Maxwell seeks damages for "[p]ain and suffering (past, present and future), [m]ental anguish, humiliation and aggravation (past, present and future), loss of wages (past, present and future), loss of enjoyment of life (past, present and future) and property damage." (<u>Id.</u>). Maxwell also seeks penalties and attorney's fees under La. R.S. 22:1892, and damages and penalties under La. R.S. 22:1973.

Defendants removed on March 4, 2016. Defendants allege that all parties are diverse, and that Maxwell's damages likely exceed $75,000. Maxwell moved to remand just four days later. Maxwell argues – and purported to "stipulate"– that her damages do not exceed $75,000. (Doc. 13).[2]

On April 18, 2016, Defendants moved for leave to supplement their opposition to the Motion to Remand. Defendants argue that Maxwell's stipulation was not in

---

[1] Under La. Code Civ. P. art. 893(A)(1), "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required."

[2] Maxwell initially disputed, but later conceded, that all parties are diverse. Diversity of citizenship is therefore not considered in this opinion.

2

proper form, and could not divest the Court of jurisdiction. Defendants also submit an MRI report dated March 1, 2016 indicating that Maxwell has a herniated or protruding cervical disc. (Ex. F, Doc. 18-1).

On April 19, 2016, the Court held a hearing on the Motion to Remand. The Court admitted all defense exhibits, including the MRI report, without objection.

## II. Law and Analysis

### A. Standards governing the Motion to Remand.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. See Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 887 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists between the parties. See 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction. See Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." Id.

Louisiana law forbids plaintiffs from specifying the monetary value of damages. See La. Code Civ. P. art. 893. Accordingly, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000). "A removing defendant can meet its burden of demonstrating the amount in controversy

3

by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." Robertson v. Exxon Mobil Corp., 814 F.3d 236, 240 (5th Cir. 2015).

Critically, "[t]he required "demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." Id. (quoting Berniard v. Dow Chem. Co., 481 Fed.Appx. 859, 862 (5th Cir. 2010)). Moreover, if the removing defendant carries its burden, remand is still warranted if the plaintiff can establish, to a "legal certainty," that damages do not exceed $75,000. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995).

### B. DGL established, by a preponderance of the evidence, that Chenevert's claims exceed $75,000.00 in value.

Defendants do not allege that the jurisdictional threshold is "facially apparent" from Maxwell's Petition. Therefore, Defendants must "must produce evidence . . . that the actual amount in controversy exceeds" $75,000. De Aguilar, 47 F.3d at 1412. Defendants have narrowly carried this burden, for the following reasons.

First, in her Petition, Maxwell declined to include an "anti-removal" averment under La. Code Civ. P. art. 893(A)(1). Of course, even had Maxwell done so, the averment would not "prevent" removal or necessitate remand. See In re 1994 Exxon Chem. Fire, 558 F.3d 378, 388 (5th Cir. 2009) ("[R]ather than irrevocably binding a plaintiff to his amount-in-controversy allegations, an allegation made under Article 893(A)(1) may be disregarded if the defendant can show by a preponderance of the evidence that the claim is for more than the jurisdictional amount."). However,

4

Maxwell's failure to assert her damages were below $75,000 "supports a finding that the jurisdictional amount is satisfied and must be considered in the light of other relevant evidence." Credeur v. York Claim Serv., 13-CV-01367, 2013 WL 4814231, at *5 (W.D. La. Sept. 9, 2013), aff'd, CIV.A. 13-1367, 2013 WL 5935477 (W.D. La. Nov. 4, 2013). In fact, the absence of an article 893(A)(1) averment "creates a 'strong presumption' in favor of jurisdiction." See Sonnier v. Republic Fire & Cas. Ins. Co., 06 1554, 2006 WL 3924238, at *1 (W.D. La. Nov. 22, 2006) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 58 S.Ct. 586, 591 (1938)).

Second, before removal, Maxwell declined to state or stipulate that her damages fell below the jurisdictional threshold. Rather, in response to requests to admit that her damages exceeded $50,000[3] or $75,000, Maxwell stated: "Unknown at this time." (See Doc. 1-4, p. 2). Maxwell's refusal to admit or stipulate that her damages did not exceed $75,000 supports removal jurisdiction. See McLain v. Am. Int'l Recovery, Inc., 1 F.Supp.2d 628, 631 (S.D. Miss. 1998) (holding that a plaintiff's response to a request for admission, refusing to admit damages below the jurisdictional threshold, constituted "'other paper' that affirmatively shows that the jurisdictional amount may be satisfied"); see also Borill v. Centennial Wireless, Inc., 872 F.Supp.2d 522, 528 (W.D. La.2012) (finding that plaintiff's "refusal to stipulate the amount in controversy did not exceed $75,000" supported removal jurisdiction). Likewise, after removal, Maxwell's continued qualifications that her damages do not exceed $75,000 "at this time" support Defendants' position that removal was proper.

---

[3] To obtain a jury trial in a Louisiana court, at least $50,000.00 must be at issue. La. Code Civ. P. art. 1732(1)(a).

5

See Allen v. Wal-Mart Louisiana, LLC, CIV. A. 08-132-C, 2008 WL 2220014, at *3 (M.D. La. May 28, 2008) (holding a plaintiff could not divest the court of jurisdiction by arguing that her damages, "as of today," fell below the jurisdictional threshold).

Third, Maxwell will likely recover at least some "special" damages. Maxwell seeks lost wages, which her attorney presumes will not exceed $1,000. Maxwell also seeks medical expenses, which her attorney approximated to be less than $5,000 at the time of removal. However, Maxwell's treatment was ongoing, meaning Maxwell has likely incurred additional medical expenses. Of course, these damages fall well short of the Court's jurisdictional threshold. But they nonetheless constitute amounts which Maxwell stands to recover if she prevails.

Fourth, Maxwell seeks penalties. Under La. R.S. 22:1892(B)(2), Maxwell may recover a minimum of $1,000 and a maximum of "fifty percent damages on the amount found to be due," whichever is greater. Under La. R.S. 22:1973(C), Maxwell may recover "two times the damages sustained or five thousand dollars, whichever is greater." While the Court has no specific information regarding the amount of penalties, the Court must include potential statutory penalties in analyzing the likely amount in controversy. See, e.g., Zarate v. Guillory, 16-341, 2016 WL 2996899, at *4 (E.D. La. May 25, 2016).

Fifth, Maxwell seeks attorney's fees under La. R.S. 22:1892(B). Again, the Court has no specific information regarding the attorney's fees Maxwell may recover. But because the statute provides for recovery of attorney's fees, the Court must also include potential attorney's fees in analyzing the likely amount in controversy. See,

e.g., Campbell v. Elder Chrysler-Dodge-Jeep, LLC, CIV.A. 13-2853, 2013 WL 6490327, at *4 (W.D. La. Dec. 10, 2013).

Finally, Maxwell seeks to recover general damages for various injuries, including a herniated cervical disc. Of course, general damages for a herniated disc may vary, and the Court has very little information regarding the details of Maxwell's injury. But the Court may consider comparable general and special damages awards in resolving a motion to remand. See, e.g., Chandler v. Ruston Louisiana Hosp. Co. LLC, 3:14CV121, 2014 WL 1096365, at *3 (W.D. La. Mar. 19, 2014) ("General and special damages of the kind claimed by Plaintiff, when combined, typically exceed the jurisdictional threshold."); Wolf v. Balfour Beatty Rail, Inc., CIV.A. 08-309, 2008 WL 1819931, at *2 (W.D. La. Apr. 22, 2008) ("The plaintiff's past and future expenses, when combined with a possible award for general damages, establish that the amount in controversy more likely than not exceeded $75,000 at the time of removal."). And general damages for a herniated disc alone may exceed the Court's jurisdictional threshold. See, e.g. Reeves v. TPI Restaurants, Inc., CIV.A. 05-1778, 2007 WL 1308380, at *2 (W.D. La. Apr. 13, 2007) (holding that MRI evidence of "herniated discs in the neck and back . . . . alone exceeds the jurisdictional limits of the court without considering" plaintiff's additional claims).

In all, the evidence before the Court is limited.[4] But Maxwell refused to stipulate before removal, and seeks to recover penalties, attorney's fees, and special

---

[4] Defendants' removal may have been "protective," designed to avoid the 30-day removal window under 28 U.S.C. § 1446(b)(3), but made before removal jurisdiction was clear. This Court disfavors protective removals. Because the 30-day removal window is only triggered by evidence which makes the amount-in-controversy "unequivocally clear and certain," protective removals are unnecessary and may result

and general damages associated with a herniated disc and other injuries. Accordingly, Defendants have shown that Maxwell, more likely than not, seeks damages exceeding $75,000.

### C. Maxwell's post-removal stipulation does not divest jurisdiction.

Although Defendants have carried their burden to establish jurisdiction by a preponderance of the evidence, Maxwell may still prevail by proving, to a legal certainty, that her damages do not exceed $75,000. Maxwell has not done so.

On April 1, 2016, Maxwell filed a stipulation stating that "the amount in dispute against defendants does not exceed $75,000." (Doc. 13). The stipulation is not signed by Maxwell, and states nothing further regarding Maxwell's right to recover damages.

It is well settled that post-removal stipulations "generally do not divest the court of diversity jurisdiction." See Gebbia, 233 F.3d at 883; De Aguilar, 47 F.3d at 1412. And because Maxwell's stipulation is not in affidavit form, is not signed, and does not affirmatively renounce Maxwell's right to recover damages exceeding $75,000, the stipulation would likely not satisfy the "legal certainty" standard, even if it was timely. See De Aguilar, 47 F.3d at 1412; McKinney v. Metro. Prop. & Cas. Ins. Co., CIV.A. 09-0964, 2009 WL 4427836, at *3 (W.D. La. Dec. 2, 2009).

---

in remands which waste the resources of both this Court and state courts. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002).

However, the Court also disfavors artful pleading, discovery responses, and other representations designed to evade federal jurisdiction and deprive defendants of the right to remove. See generally De Aguilar, 47 F.3d at 1410.

Whether Defendants' removed "protectively" or not, Defendants have established removal jurisdiction by a preponderance of the evidence.

8

### III. Conclusion

Defendants have established removal jurisdiction by a preponderance of the evidence. And Maxwell has failed to prove, to a legal certainty, that her damages do not exceed $75,000. Remand is therefore unwarranted. Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Remand (Doc. 5) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 23rd day of June, 2016.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE